**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL ASSOCIATION OF CHAIN DRUG STORES, and the NATIONAL COMMUNITY PHARMACISTS ASSOCIATION,<br><br>    Plaintiffs - Appellants,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, not individually, but solely in his official capacity as Governor of the State of California, KIM BELSHE, not individually, but solely in her official capacity as Secretary of the California Health and Human Services Agency, DAVID MAXWELL-JOLLY, not individually, but solely in his official capacity as Director of the California Department of Health Care Services, and THE CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES,<br><br>    Defendants - Appellees. | No. 09-57051<br><br>D.C. No. 2:09-cv-07097-CAS-MAN<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted April 5, 2010
Pasadena, California

Before: KOZINSKI, Chief Judge, D.W. NELSON, Circuit Judge, and GERTNER,[**] District Judge.

Appellants are not entitled to a preliminary injunction because the balance of equities and considerations of public interest weigh in the appellees' favor. The injunction that the appellants seek would require California to recalibrate its established reimbursement formula to counteract the effect of the reduction in AWPs. This, in turn, would compel California to bear the administrative burdens associated with amending its state Medicaid plan. *See* 42 C.F.R. §§ 430.12-.20. The state should not be required to take on such burdens before the district court has finally resolved the merits of the appellants' claims. Thus, regardless of the appellants' likelihood of success on the merits of their claims, they are not entitled to the preliminary injunction that they seek.[1] *Cf. Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008) (holding that a preliminary injunction that

---

[**] The Honorable Nancy Gertner, United States District Judge for the District of Massachusetts, sitting by designation.

[1] Whether the appellants are entitled to a permanent injunction that would require California to conduct a study to determine whether its reimbursement formula continues to accord with the factors set forth in 42 U.S.C. § 1396a(a)(30)(A) is a different question. *See Orthopaedic Hosp. v. Belshe*, 103 F.3d 1491 (9th Cir. 1997). We do not address this issue, leaving it to the district court to decide in the first instance.

interfered with the Navy's ability to conduct effective, realistic training exercises was an abuse of discretion regardless of the plaintiffs' showing of irreparable injury and likelihood of success on the merits).

**AFFIRMED.**